# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) Docket no. 1:08-CR-206-B-S |
| | ) |
| MICHAEL DONATO, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss (Docket # 25), in which Defendant seeks to have certain counts of the Indictment dismissed as multiplicitous.  Having reviewed the Motion and the Government's Response, the Court hereby DENIES the Motion.

In relevant part, the Indictment charges Defendant with three counts of violating 42 U.S.C. § 1383a (Counts II-IV) and three counts of violating 42 U.S.C. § 408 (Counts IV-VI).  Defendant argues that by charging his conduct under both of these statutes, the Indictment essentially charges three separate offenses in six counts.  "Under Blockburger v. United States, 284 U.S. 299 (1932), and its progeny, '[a] *single act* may constitute two different offenses for double jeopardy purposes so long as two different statutes were violated and each requires an element that the other does not.'"  United States v. LiCausi, 167 F.3d 36, 46 (1st Cir. 1999) (quoting United States v. Claudio, 44 F.3d 10, 13 (1st Cir.1995)).  As the Government explains in its Response, such is the case here.  Section 1383a requires the Government to prove Defendant was receiving *Supplemental Security Income* ("SSI") benefits and that his false statements and concealment pertained to his right to received *SSI* benefits.  Section 408 requires the Government to prove Defendant was receiving *Social Security Disability Income* benefits and

that his false statements and concealment pertained to his right to receive *Social Security Disability Income* benefits.  In short, the Indictment, as currently structured, will require the Government to prove that Defendant was receiving two different types of Social Security benefits, which are governed by two different subchapters within Chapter 7 of Title 42 and that Defendant was, in actuality, not entitled to either type of benefit.  In the Court's assessment, this difference between the elements of the charges contained in Counts II-IV versus Counts V-VI satisfies the Blockburger test.

Therefore, Defendant's Motion (Docket # 25) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 17th day of April, 2009.

2